## Theofilos v. The Redevelopment Authority of the City of Sharon

*Chester B. Scholl* and *Alex Theofilos*, for plaintiffs.
*Bernard Goldstone*, for defendant.

McKAY, J., May 24, 1963.—Defendant Authority has petitioned the court for a writ of possession for the business and apartment property at no. 35-37 River Avenue in the City of Sharon, formerly owned by plaintiff Helen Theofilos, of whom plaintiff Alex Theofilos was a tenant. It also asks leave to pay the sum of

$22,000 into court; this to apply on the damages which shall be ultimately ascertained to be due plaintiffs.

Authority condemned the property by resolution dated September 18, 1962, and has demanded and has been refused possession after 60 days' notice.

Plaintiffs do not question that defendant Authority has the right to acquire real property by eminent domain under the Act of December 1, 1959, P. L. 1637, sec. 2,[1] and that under the general provisions for eminent domain,[2] if the owner shall refuse or neglect to remove his personal property and give possession of land upon service of 60 days' notice, a writ of habeas facias possessionem shall forthwith issue, directing the sheriff to give to the party entitled thereto full and peaceable possession.

The only ground for resisting the present proceeding advanced by plaintiffs is that the amount of damages must be finally determined before any action can be taken by Authority to obtain possession and that the amount of damages has not yet been finally ascertained. In the instant case, on appeal from an award of viewers, the jury awarded plaintiff owner, Helen Theofilos, $32,500 and plaintiff tenant, Alex Theofilos, $3,000, but a motion by the Authority for a new trial is still pending.

Plaintiffs base their contention upon a paragraph in the Urban Renewal Manual, which is a statement of policies and requirements for local public agencies issued by the Urban Renewal Administration of the Housing and Home Finance Agency. This paragraph is found in the section of the manual relating to Land Acquisition Procedures, section 2, entitled Acquisition Methods, page 5, under the subtitle "Acquisition by Condemnation". It reads:

---

[1] 35 PS §1709(i), amending the Act of May 24, 1945, P. L. 991.

[2] Act of June 7, 1907, P. L. 461, sec. 2 (26 PS §142).

"HHFA (Housing and Home Finance Agency) concurrence in a maximum price on form H-1644 constitutes HHFA concurrence in the institution of condemnation proceedings, provided that : (1) The LPA (local public agency) does not take any action to cause title to, or possession of, the property to be vested in the LPA before final determination of the compensation to be paid."

In our opinion the paragraph of the manual quoted above does not purport to, nor could it, limit the power of a State court to award possession to land that has been duly condemned by the local agency under the power of eminent domain. It merely amounts to an instruction by the parent agency to the local agency that concurrence by the parent agency in the institution of condemnation proceedings implies concurrence in a maximum acquisition price in cases where the amount of compensation to be paid has been finally determined. Presumably, where this determination has not yet been made, as in the instant case, special approval for instituting condemnation proceedings must be, and in the instant case has been, obtained before the condemnation proceedings were started.

It follows that the rule to show cause why a writ of habere facias possessionem should not issue must be made absolute.

In our opinion, however, a reasonable time should be afforded the owner and tenant to remove their personal property from the premises and deliver possession to authority voluntarily. We will fix that date as July 1, 1963.

With respect to the second portion of the petition, we are of the opinion that Authority should be permitted to pay into court any portion of the damages which it concedes to be due and thereby stop the running of interest.

Accordingly, we order the following:

And now, May 24, 1963, the rule to show cause in the within case heretofore entered is made absolute and it is ordered that if the possession of said premises has not been voluntarily delivered to defendant Authority by July 1, 1963, a writ of habere facias possessionem shall then issue forthwith for the possession of the premises owned by Helen Theofilos at 35-37 River Avenue, Sharon, Mercer County, Pennsylvania, being City Lot 1 B-61; it is further ordered that if the plaintiffs neglect to accept the $22,000 offered them by defendant, that defendant Authority shall pay to the prothonotary of Mercer County the said sum of $22,000, who shall hold the same subject to their order, less his lawful commission thereon.